**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210304-U

Order filed April 28, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| AMY M. LAYER, | ) | of the 14th Judicial Circuit, |
| | ) | Rock Island County, Illinois. |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-21-0304 |
| and | ) | Circuit No. 18-D-435 |
| | ) | |
| BENJAMIN M. LAYER, | ) | The Honorable |
| | ) | Linnea E. Thompson, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Hauptman and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Trial court's allocation of parenting time, was not against the manifest weight of the evidence where it was consistent with parenting plan that had been in place for nearly two years and the children were thriving.

¶ 2    In November 2018, petitioner Amy M. Layer filed a petition for dissolution of marriage against respondent Benjamin M. Layer. The parties had two children together: S.L. and J.L. In June 2019, the parties participated in mediation, and a parenting plan was created allocating Benjamin parenting time on alternating weekends, one evening during the week, one overnight

during the week, and every weekday morning before school. Soon after that plan was implemented, Benjamin objected to it because he wanted more time with the children. Following a hearing on April 16, 2021, the trial court entered an order allocating parenting time to Benjamin that was very similar to what was set forth in the mediation parenting plan. Benjamin appeals, arguing that the trial court's allocation of parenting time was against the manifest weight of the evidence. We affirm.

¶ 3                                                    BACKGROUND

¶ 4         Amy and Benjamin Layer were married in 2008. During their marriage, they had two children together: S.L., who was born in June 2009, and J.L., who was born in August 2012. In February 2018, the parties separated, and in November 2018, Amy filed a petition for dissolution of marriage.

¶ 5         In June 2019, Amy and Benjamin participated in mediation to create a parenting plan. During mediation, the parties agreed that Amy would be the primary caregiver of the children and that Benjamin would have substantial parenting time, consisting of (1) every other weekend from Friday at 3:00 pm to Sunday at 7:00 pm; (2) every Tuesday from 3:00 pm until Wednesday morning (when he dropped the children off at school or at 10:00 am on non-school days); (3) every Thursday from 3:00 pm to 8:00 pm; and (4) every weekday morning before school until he dropped the children off at school. Shortly after the parenting plan was implemented, Benjamin expressed dissatisfaction with it and expressed his desire to have more parenting time.

¶ 6         On April 16, 2021, the trial court held a hearing on parenting time and other issues. The evidence presented at the hearing established that Amy is a second-grade teacher in the East Moline School District. During the school year, she works from 7:30 am to 3:15 pm. She has summers off. She continues to reside in the former marital residence in East Moline.

¶ 7    Benjamin works as a school psychologist and also owns a private psychology practice. He works at his school job during the school year from 8:30 am to 3:45 pm. He schedules appointments with clients in his private practice on evenings and weekends when he does not have parenting time with his children. He is in the process of purchasing his grandmother's home in East Moline, which is approximately half a mile from the marital residence.

¶ 8    At the time of the hearing, S.L. was 11 years old, and J.L. was 8 years old. The parties agreed that the children would attend Seton for grade school and middle school and then attend Alleman High School. They also agreed the children would be raised in the Catholic faith.

¶ 9    At the hearing, Amy testified that she wanted to continue the parenting time arrangement created during mediation, which they have followed since June 2019. She feels that schedule is in the best interest of the children because they "have become very acclimated" to it. She reported that her children are "very happy" and "doing well in school." They are both active, involved in sports and "very physically and emotionally healthy."  They do not have any physical or mental health problems and seem to have adjusted well to their parents' separation.

¶ 10    Amy testified that she and Benjamin have good communication about issues with the children and are usually friendly and cordial to each other. She objected to Benjamin's request for more time with the children because she thought it required "too much back and forth every single day." She also believes that she provides more structure, routine and consistency with the children. She explained that when the children are with Benjamin they are "on the go a lot" and not home very much.

¶ 11    Benjamin testified that his children are happy, healthy, well-adjusted, doing well in school and involved in extracurricular activities. He described them as "high-achieving kids." He would like additional parenting time consisting of overnights every Thursday and every other Sunday on

the weekends he has parenting time. He also thought his parenting time should start earlier than 3:00 pm on days the children are not in school. Benjamin admitted that he and the children are "on the go" a lot during his parenting time but said he has his "own routine, which works beautifully for our kids." He testified that when he and Amy first separated, he had the children overnight on both Tuesdays and Thursdays until June 2019, when the mediation parenting plan was implemented. Benjamin believes that his children should spend an equal amount of time with him and Amy.

¶ 12      Both Amy and Benjamin are involved in the lives of their children. They both attend their children's sporting events and school functions. Because Benjamin has more flexibility in his morning schedule during the school year, Amy drops the children off at Benjamin's house on her way to work on school days and Benjamin transports the children to school. Amy and Benjamin work together to arrange for the children to be picked up from school by one of them or their parents.

¶ 13      Both children have a healthy, loving relationship with both parents and one another, as well as with their maternal and paternal grandparents and other extended family. Benjamin testified that there have "been deviations all along" to the parenting schedule created in June 2019 but agreed that for the last three years the children have spent more time with Amy than with him. Benjamin believes that the children having additional overnights with him is in their best interest because he "foster[s] their ideas differently" than Amy.

¶ 14      On May 19, 2021, the trial court entered an order resolving several issues, including parenting time. After analyzing each of the factors set forth in section 602.7 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/602.7(a) (West 2020)), the trial judge concluded that "it is in the best interest of the children that they have parenting time with both

4

parents but that [Amy] should be designated as the primary caregiver." The court set forth Benjamin's parenting time as follows: (1) every other weekend from Friday at 3:00 pm to Sunday at 7:00 pm during the school year, and ending on Monday at 10:00 am during the summer and on school holidays; (2) every Tuesday from 3:00 pm until school the next morning, or 10:00 am the next morning if there is no school; (3) every Thursday from 3:00 pm until 8:00 pm during the school year, or until Friday at 10:00 am if there is no school; and (4) every weekday morning before school during the school year.

¶ 15                                                              ANALYSIS

Section 602.7 of the Act requires courts to allocate parenting time in accordance with the best interests of the child. 750 ILCS 5/602.7(a) (West 2020). In allocating parenting time, the court shall consider all relevant factors, including (1) each parent's wishes; (2) the child's wishes; (3) the amount of time each parent spent performing caretaking functions with respect to the child in the 24 months preceding the filing of any petition for allocation of parental responsibilities; (4) any prior agreement or course of conduct between the parents relating to caretaking functions; (5) the interaction and interrelationship of the child with his parents and siblings and with any other person who may significantly affect his best interests; (6) the child's adjustment to his home, school, and community; (7) the mental and physical health of all individuals involved; (8) the child's needs; (9) the distance between the parents' residences; (10) whether a restriction on parenting time is appropriate; (11) the physical violence or threat of physical violence by the child's parent directed against the child or other member of the child's household; (12) each parent's willingness and ability to place the child's needs ahead of his or her own; (13) each parent's willingness and ability to facilitate and encourage a close and continuing relationship between the other parent and the child; (14) the occurrence of abuse against the child or other member of the child's household;

(15) whether one parent is a sex offender or resides with a sex offender; (16) the terms of the parent's military family-care plan if a parent is a member of the United States Armed Forces who is being deployed; and (17) any other factor that the court expressly finds to be relevant. *Id.* § 602.7(b).

¶ 16       "Because the trial court is in the best position to assess the credibility of witnesses and determine a child's best interests, its decision regarding the allocation of parenting time must be accorded great deference." *In re Marriage of Whitehead & Newcomb-Whitehead*, 2018 IL App (5th) 170380, ¶ 15. We will not overturn a trial court's allocation of parenting time unless the decision is an abuse of the court's considerable discretion or is against the manifest weight of the evidence. *Id.* A judgment is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the findings appear unreasonable, arbitrary, or not based on the evidence. *Id*. ¶ 21.

¶ 17       "Stability and continuity are in the best interests of a child." *In re Custody of G.L.*, 2017 IL App (1st) 163171, ¶ 46 (citing *In re Marriage of Lonvick*, 2013 IL App (2d) 120865, ¶ 33). Where the statutory best-interest factors do not greatly favor one parent over the other, a trial court's order allowing both parties substantial, but not equal, parenting time is not an abuse of discretion or against the manifest weight of the evidence. See *Whitehead & Newcomb-Whitehead*, 2018 IL App (5th) 170380, ¶ 36.

¶ 18       Here, a review of the statutory best-interest factors shows no factors greatly favoring one parent over the other. However, two factors -- the amount of time each parent spent performing caretaking functions with respect to the children in the preceding 24 months, and any prior agreement or course of conduct between the parents relating to caretaking functions (750 ILCS 5/602.7(a)(3)-(4) (West 2020)) -- weigh slightly in Amy's favor.

6

¶ 19    Since the parties separated, the children have spent substantial time with both parents but more time with Amy. S.L. and J.L. are happy, health, well-adjusted children, who have good relationships with each other, their parents and members of their extended family. Both parents are fit, capable and actively involved in their children's lives. The parties have good communication with each other and want what is best for their children. The children are thriving under the parenting plan created in 2019. The trial court's order effectively continues that parenting plan, thereby providing the children stability and continuity, which is in their best interests. See *G.L.*, 2017 IL App (1st) 163171, ¶ 46; *Lonvick*, 2013 IL App (2d) 120865, ¶ 33. Under these circumstances, the trial court's order granting both parents substantial parenting time, with slightly more to Amy, is not against the manifest weight of the evidence or an abuse of discretion. See *Whitehead & Newcomb-Whitehead*, 2018 IL App (5th) 170380, ¶ 36.

¶ 20                                      CONCLUSION

¶ 21    The judgment of the circuit court of Rock Island is affirmed.

¶ 22    Affirmed.